UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-20751 |
| DEBORAH A. SIMPSON<br>XXX-XX-3787 | CHAPTER 7 |
| | JUDGE RANDOLPH BAXTER |
| DEBTOR | |
| | MOTION OF U.S. BANK, N.A. FOR RELIEF FROM STAY AND ABANDONMENT |

      U.S. Bank, N.A., (the "Movant") moves this Court, under §361, §362, §363, §554 and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rules 4001, 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order conditioning, modifying or dissolving the Automatic Stay imposed by §362 of the Bankruptcy Code and for abandonment of the property under §554 of the Bankruptcy Code. In support of this Motion, the Movant states:

MEMORANDUM IN SUPPORT

      1. The Court has jurisdiction over this matter under 28 USC §157 and §1334. This is a core proceeding under 28 USC §157(b) 2). The venue of this Case and this Motion is proper under 28 USC §1408 and §1409.

      2. On October 24, 2008, the Debtor listed above (collectively, the "Debtor") obtained a loan from Movant in the amount of $156,929.00. Such loan was evidenced by a Promissory Note dated October 24, 2008, (the "Note"), a copy of which is attached as Exhibit A.

      3. To secure the payment of the Note and performance of the other terms contained in it, the Debtor executed an Open-End Mortgage dated October 24, 2008 (the "Mortgage"). The Mortgage granted a lien on the real property (the "Collateral") owned by the Debtor, located at 27482 Edgepark Drive, North Olmstead, OH 44070 and more fully described in the Mortgage.

4. The lien created by the Mortgage was duly perfected by the filing of the Mortgage in the office of the Cuyahoga County Recorder on October 24, 2008. A copy of the Mortgage is attached to this Motion as Exhibit B. The lien is the First lien on the Collateral.

5. The Note and Mortgage were transferred as follows:

    a. The Note was transferred to U.S. Bank, N.A. as evidenced by the marginal endorsement on the last page of the Note, and the Movant is in possession of the original Note. Pursuant to the Uniform Commercial Code (section sign) 3-204(a), the subject note is endorsed on the instrument, on the back side of page two. However, in the interest of practicality, Movant has attached a copy of said back page as a separate page to the instrument.

    b. The Mortgage was transferred to U.S. Bank, N.A. on January 28, 2010. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as Exhibit C.

6. The value of the Collateral is $159,000.00. This valuation is based on the Cuyahoga County Auditor's appraisal of the Collateral.

7. As of the date of this Motion, there is currently due and owing on said Note the outstanding balance of $155,560.61 plus interest accruing at the rate of 6.25% per annum ($26.64 per day) from August 1, 2009.

8. Other parties known to have an interest in the Collateral are: None.

9. Movant is entitled to relief from the Automatic Stay under §362(d)(1) and/or §362(d)(2) for these reasons:

    a. Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case, which unpaid payments are in the amount of $8,760.30 through February 18, 2010.

10. Movant has completed the worksheet attached as Exhibit "D".

11**. Movant further moves for abandonment by the Trustee of the subject property pursuant to 11 USC § 554(b) for these reasons:**

    **a. Movant asserts that, as stated above in this Motion, the lien totals more than the value of the subject property, and no equity exists in the property; and**

**b. Based upon the lack of equity in the property, the property is burdensome and/or of inconsequential value and benefit to the estate.**

12. This Motion conforms to the standard form adopted in this District except as follows:

   a. This Motion prays for an Order from the Court authorizing the Trustee to abandon the Collateral Under Section 554 of the Bankruptcy Code. The standard form adopted by this District does not include this language; and,

WHEREFORE, Movant prays for an Order from the Court granting Movant relief from the Automatic Stay §362 of the Bankruptcy Code to permit Movant to proceed under law; that, notwithstanding the provisions of 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, and for an Order from the Court authorizing the Trustee to abandon the Collateral under Section 554 of the Bankruptcy Code, and for such other and further relief to which Movant may be entitled.

Respectfully submitted,

LAURITO & LAURITO LLC

/s/ Erin M. Laurito
_____
Erin M. Laurito (0075531)
Jeffrey V Laurito (0014652)
Attorneys for Movant
35 Commercial Way
Springboro OH 45066
Telephone (937) 743-4878
Fax       (937) 743-4877
dleonard@lauritolaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Motion for Relief from Stay and Abandonment was forwarded by either ECF Noticing or regular U S Mail this 17th day February of 2010 to:

Deborah A. Simpson, Debtor
27482 Edgepark Drive
North Olmsted, OH 44070
U.S. Mail

Edward J. Mamone, Attorney for Debtoe
75 Public Square #1100
Cleveland, OH 44113-2101
lawgmm@aol.com
ECF Noticing

Lauren A. Helbling, Trustee
1370 Ontario Street #450
Cleveland, OH 44113-1744
ECF Noticing

United States Trustee (Registered address)@usdoj.gov
ECF Noticing

LAURITO & LAURITO LLC

/s/ Erin M. Laurito
_____
Erin M. Laurito (0075531)